## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## EASTERN DIVISION

**LINDA A. GILHAM,** *on behalf of the Estate of Stephen*      **PLAINTIFF**
*Dunn, Decedent, and Individually as Wrongful Death*
*Beneficiary of Stephen Dunn, Deceased, and on behalf of*
*the Wrongful Death Beneficiaries of Stephen Dunn, and*
*on behalf of the Estate and Heirs at Law of Stephen Dunn*

**v.**            **CIVIL ACTION NO. 2:24-cv-90-TBM-RPM**

**GEORGIA-PACIFIC MONTICELLO, LLC;**
**GEORGIA-PACIFIC CONTAINERBOARD, LLC;**
**DALTON BAITY,** *Individually*          **DEFENDANTS**

### ORDER DENYING MOTION TO REMAND

Defendant Georgia-Pacific Monticello, LLC ("GP Monticello") removed this case on June 21, 2024, and Plaintiff Linda Gilham timely filed a Motion to Remand [7]. Because there is complete diversity of citizenship among the parties, this Court has subject-matter jurisdiction under 28 U.S.C. § 1332. Therefore, the Court denies Gilham's Motion to Remand [7].

### I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Linda Gilham brought this wrongful death action in Lawrence County Circuit Court on May 20, 2024, relating to the death of Stephen Dunn. Dunn was hired to perform cleaning services at GP Monticello, a papermill in Monticello, Mississippi. [1-2], ¶ 7. Gilham alleges that on June 21, 2023, Dunn became overheated and lost consciousness during his shift. *Id.* at ¶ 11. That evening, he died while lying in his bed. *Id.* at ¶ 13. Gilham, the executor of Dunn's estate, now asserts claims for negligence, breach of safety regulations, premises liability, and civil conspiracy against the Defendants. Gilham specifically asserts that Defendant Dalton Baity, a safety associate at GP Monticello on the date of the alleged incident, is liable for his part in Georgia Pacific's failure to provide Dunn a reasonably safe work environment which caused or contributed to his death.

On June 21, 2024, GP Monticello filed a Notice of Removal [1], invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332. Gilham objects to GP Monticello's removal of this action and filed a Motion to Remand [7], arguing lack of complete diversity of the parties. It is undisputed that Gilham is a Mississippi citizen, and that GP Monticello and Georgia-Pacific Containerboard, LLC ("GP Containerboard") are citizens of Kansas.[1] [1], pg. 3. At issue is the domicile of Defendant Dalton Baity. Although Gilham argues that Baity is a citizen of Mississippi, the record reflects that Baity is actually a citizen of Texas.[2] Accordingly, complete diversity exists, and this Court has subject-matter jurisdiction over this action. For the more fully discussed reasons below, Gilham's Motion to Remand [7] is denied.

## II. DISCUSSION AND ANALYSIS

Under 28 U.S.C. § 1332(a)(1), district courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of difference states." 28 U.S.C. § 1332(a)(1). A defendant may remove any civil action from state court to federal court when that action falls within the original jurisdiction of the district court. 28 U.S.C. § 1441(a). Removal is only proper where "complete diversity of citizenship [exists] among the parties at the time the complaint is filed and at the time of removal." *Boy Scouts of Am. v. Hartford Accident & Indem. Co.*, 443 F. Supp. 3d 753, 758 (N.D. Tex. 2020) (citing *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996)). The parties do not dispute that Gilham, GP Monticello, and GP

---

[1] And while Gilham names as defendants John and Jane Doe 1-10, courts disregard unnamed, fictitious parties in a diversity analysis. 28 U.S.C. § 1441(b)(1); *Davis v. Kroger's Co., Inc.*, No. 3:19-cv-690-HTW-LRA, 2020 WL 13490063, at *3 (S.D. Miss. Jul. 24, 2020) ("[T]his court does not figure fictitious plaintiffs John Does I-V and fictitious defendants John Does I-V in this subject matter jurisdictional question.").

[2] Since Baity is a diverse defendant, the Court need not address GP Monticello's improper joinder argument, which was raised in the alternative. Indeed, if there is no in-state defendant, an improper joinder inquiry serves no purpose. *See McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005) ("[T]he purpose underlying the improper joinder inquiry is to determine whether or not the *in-state defendant* was properly joined.") (emphasis added).

Containerboard are diverse. Thus, whether this Court has subject-matter jurisdiction depends on Baity's domicile. If Baity is diverse from Gilham—a Mississippi citizen—then this Court has subject-matter jurisdiction.

"In the context of diversity jurisdiction of federal courts, the meanings of the terms 'citizenship' and 'domicile' are virtually interchangeable." *Tapp v. Leonard L. Levenson & Assocs.*, No. CV 09-3169, 2009 WL 10679781, at *2 (E.D. La. Jun. 4, 2009) (citing *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954)). Indeed, "[a] United States Citizen who is domiciled in a state is a citizen of that state. . . . [S]tate citizenship for diversity purposes is regarded as synonymous with domicile." *Coury*, 85 F.3d at 249 (citing *Robertson v. Cease*, 97 U.S. 646, 648–650, 24 L. Ed. 1057 (1878)) (remaining citations omitted).

The Fifth Circuit has held that "domicile is established by physical presence in a location coupled with an intent to remain there indefinitely." *In re Ran*, 607 F.3d 1017, 1022 (5th Cir. 2010). In other words, a domicile is a person's "true, fixed, and permanent home and principal establishment, and [the place] to which he has the intention of returning whenever he is absent therefrom." *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974). A person's domicile presumptively continues in the same place unless sufficient evidence shows that it has changed. *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011). "A change of domicile may be effected only by a combination of two elements: (a) taking up residence in a different domicile with (b) the intention to remain there." *Mas*, 489 F.2d at 1399. Notably, "[t]here is no durational residency requirement in the establishment of domicile; once presence in the new state and intent to remain are met, the new domicile is instantaneously established." *Acridge v. Evangelical Lutheran Good Samaritan Soc'y*, 334 F.3d 444, 448 (5th Cir. 2003).

To determine a litigant's domicile, courts consider "where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family." *Coury*, 85 F.3d at 251. Courts should also consider where the litigant claims to be domiciled, so long as the asserted domicile comports with the objective facts. *Id.* "In making a jurisdictional assessment, a federal court is not limited to the pleadings; it may look to any record evidence, and may receive affidavits, deposition testimony or live testimony concerning the facts underlying the citizenship of the parties." *Id.* at 249.

With these considerations in mind, the Court turns now to the key question—where is Baity's citizenship? GP Monticello asserts that although Baity completed a year-long temporary training program as a safety associate at its Mississippi location, Baity has a Texas domicile. [1], pg. 5. Attached to the Notice of Removal is a Declaration signed by Baity in which he corroborates that he lived in Texas for eight years before moving to Mississippi for work. [1-5], pg. 1. And after completing the year-long training program in June 2024, he moved back to Texas. *Id.* Baity confirms that he never intended to live in Mississippi indefinitely, has a Texas driver's license, never had a Mississippi driver's or other license, does not own property in Mississippi, holds no bank accounts in Mississippi, and never voted or exercised political or civil rights in Mississippi. *Id.* at pg. 2. Baity made these declarations under penalty of perjury and signed the document, dated June 19, 2024. *Id.*

Gilham counters by citing to Baity's LinkedIn account, which states that Baity's location is Monticello, Mississippi. [8-1]. She also points to Baity's LinkedIn profile and results from X-Ray, a people search engine, which show that Baity has, at various points in his life, lived in Alabama, Mississippi, California, North Carolina, Texas, and Japan. [8], pg. 8. Gilham argues, then, that

because Baity has resided in those other places, Texas is just another residence, and Baity has failed to show that he is domiciled there. In fact, in Gilham's Memorandum [8] in Support of the Motion to Remand, she claims that GP Monticello transferred Baity to Texas after suit was filed in Mississippi state court to "manufacture diversity and removal jurisdiction." [8], pg. 7. That is quite the allegation. But Gilham fails to support that contention either with sufficient facts or law. To be sure, Gilham did not even file a reply brief that attempts to dispute Baity's evidence and explanation.

While there is no durational residency requirement for establishing a domicile, Baity lived in Texas for eight years before working in Mississippi. *See Brown v. Mut. of New York Life Ins. Co.*, 213 F. Supp. 2d 667, 672 (S.D. Miss. 2002) (finding a Mississippi domicile "clearly resumed or reestablished" where an individual who had her established domicile in Mississippi worked for a brief period in Tennessee but returned to Mississippi, where she "lived continuously and exclusively" for nearly ten years). And Baity immediately returned to Texas after completing his safety associate training program. *See S. Panola Consol. Sch. Dist. v. O'Bryan*, 434 F. Supp. 750, 752 (N.D. Miss. 1977) (finding a Mississippi domicile where a defendant living in Tennessee for six months stated that his Tennessee residence was temporary and that he intended to return to Mississippi, where he had lived for 16 years before residing in Tennessee). Thus, Baity's presence in Mississippi appears to have been wholly tied to his job, devoid of any intent to remain in Mississippi. *See Coury*, 85 F.3d at 250 ("A person's domicile persists until a new one is acquired or it is clearly abandoned.") (internal citations omitted). Instead, the facts show that Baity established a physical presence and an intent to remain in Texas. *See Coury*, 85 F.3d at 252 (holding that the record supported a finding of a Texas domicile from defendant's assertions that he and his wife did not intend to remain in France indefinitely and always intended to return to Texas); *but see Stine*,

213 F.2d at 447-48 (holding that although defendant paid poll taxes, voted, maintained a residence, received mail, and filed federal income taxes in Texas, the defendant's testimony that he and his wife expected to live in Louisiana "from now on out" supported finding a Louisiana domicile).

Further, Gilham's argument that Baity's LinkedIn account establishes his domicile in Mississippi is without merit. [3] *See Scarbrough v. JPMorgan Chase Bank, N.A.*, No. 4:21-cv-3760, 2022 WL 2373725, at *4 (S.D. Tex. June 2, 2022) (finding a website and LinkedIn unpersuasive to establish a named defendant's partnership status when that evidence conflicted with the defendant's affidavit and the partnership agreement), *report and recommendation adopted*, No. CV H-21-3760, 2022 WL 2359645 (S.D. Tex. June 30, 2022); *Soza v. S. Fid. Ins. Co.*, No. CV 22-1400, 2023 WL 2770125, at *5 (E.D. La. Apr. 4, 2023) (finding a screenshot from the Louisiana Department of Insurance website purporting to list a corporate party's domicile was insufficient to establish Louisiana citizenship because it did not aver the company's membership); *Keita v. Barlow*, No. 21-cv-00909-PAB, 2021 WL 1748027, at *1 (D. Colo. May 3, 2021) (finding screenshots from LinkedIn and Facebook profiles were insufficient to establish citizenship when the court could not verify that the accounts belonged to the plaintiff and details visible on the accounts about the plaintiff's work and residential history were sparse). Instead, Baity's LinkedIn actually corroborates his Declaration: from 2015 to 2017, Baity attended the University of Houston; 2015 to 2019, Baity worked as security at the Den Campus Pub in Houston; 2019 to 2020, Baity worked for Lucky Strike Entertainment in Houston as a floor supervisor; 2019 to 2023, Baity attended the

---

[3] Although Baity lists his location on the site as Monticello, Mississippi, LinkedIn users are not required to keep their location up to date. It is possible that Baity has not updated this setting since returning to Texas. "By default, the location on your profile will be suggested based on the postal code you provided in the past, either when you set up your profile or last edited your location. However, you can manually update the location on your LinkedIn profile to display a different location." *Updated location data available to members*, Linked In Help (2022), https://www.linkedin.com/help/linkedin/answer/a548419#

University of Houston-Clear Lake, graduating in 2023 with a Bachelor of Science in Occupational Safety and Health; 2022, Baity interned at Georgia-Pacific in Corrigan, Texas [8-2]. After graduation, he was a safety associate from 2023 to 2024 in Monticello, Mississippi at GP Monticello. *Id.* And from July 2024 to now, he has served as the Environmental, Health & Safety Coordinator at Georgia-Pacific in Diboll, Texas. *Id.* Baity's work and education history—as well as his averments that he had no intent to remain in Mississippi, he retained his Texas driver's license even while located in Mississippi, he never owned property in Mississippi, he held no bank accounts in Mississippi, and he never exercised political or civil rights in Mississippi—all support a finding that Baity's ongoing Texas domicile was uninterrupted by his time in Mississippi.

Having found that Baity is a citizen of Texas, and that complete diversity of citizenship exists, this Court has subject-matter jurisdiction under 28 U.S.C. § 1332. Accordingly, the Court denies Gilham's Motion to Remand [7] and retains this matter.

### III. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Gilham's Motion to Remand [7] is DENIED.

THIS, the 15th day of November, 2024.

**TAYLOR B. McNEEL**
**UNITED STATES DISTRICT JUDGE**